EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Philadelphia District Office
21 S. 5th Street, Suite 400
Philadelphia, PA 19106

MR 8741
Trial Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| v. | ) ) | |
| | ) | |
| NEW JERSEY DEPARTMENT OF HEALTH AND SENIOR SERVICES, | ) ) | COMPLAINT |
| | ) | JURY TRIAL DEMAND |
| | ) ) | |
| Defendant. | ) | |

NATURE OF ACTION

This is an action under the Age Discrimination in Employment Act of 1967 to correct unlawful employment practices on the basis of age and to provide appropriate relief to Kay L. Knoblauch who was aggrieved by those unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant failed to promote Ms. Knoblauch to the position of Supervising Administrative Analyst because of her age, then 49, and instead, promoted a less-qualified younger applicant to the position. As a result of the discriminatory practices, Ms. Knoblauch suffered back pay and front pay losses.

JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FSLA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission, (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant New Jersey Department of Health and Senior Services (the "Department"), has continuously been a government agency for the State of New Jersey.

5.    At all relevant times, Defendant Department has continuously been an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

CONCILIATION

6.    Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

2

## STATEMENT OF CLAIMS

7.    Since at least February 6, 2003, Defendant Employer has engaged in unlawful employment practices at its facilities in Trenton, New Jersey, in violation of § 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1) as follows:

(a)    Kay L. Knoblauch was born on December 6, 1953. Ms. Knoblauch began working for Defendant in September 1985. Thereafter, she received a series of promotions, obtaining her current position of Administrative Analyst DP I in December 1997. In this position, Ms. Knoblauch serves as the Electronic Birth Certificate ("EBC") Program Manager for Vital Statistics and the Supervisor of Data Health Systems.

(b)    On or about February 1, 2003, Defendant posted a job vacancy for the position of Supervising Administrative Analyst. The requirements for the position were: (1) graduation from an accredited college or university with a Bachelor's Degree; (2) five (5) years of experience in the review, analysis, and evaluation of budget; (3) organization, administrative practices, operational methods, management operations, or any combination thereof, which shall have included responsibility for the recommendation, planning, and/or implementation of improvements in a business or government agency ; (4) two (2)  years of which shall have been in a supervisory capacity.

(c)    Ms. Knoblauch, age 49, was well-qualified for promotion into the position. She had obtained a Bachelor of Science Degree in Biology from Temple University, completed a Medical Technology Clinical Internship at St. Francis School of Medical Technology, and earned ten (10) graduate level credits in biology at Villanova University.  She had the required job experience, including but not limited to, the needed computer skills. In addition, Ms.

3

Knoblauch had five years of supervisory experience, by virtue of having supervised several Administrative Analysts.

(d)    In or about February 2003, Ms. Knoblauch applied for the position of Supervising Administrative Analyst.

(e)    On or about February 6, 2003, Defendant placed Joseph Komosinski, age 37, into the Supervising Analyst position on a provisional basis.

(f)    In July 2003, Ms. Knoblauch, Mr. Komosinski, and two other candidates completed the civil service examination for the Supervising Analyst position.

(g)    In November 2003, the candidates were notified of their scores on the civil service examination. Ms. Knoblauch received a score of 80.420, and ranked third on the list of eligible candidates for the position.  Komosinski, then age 37, ranked second with a score of 80.880.

(h)    Although Mr. Komosinski did not meet the educational requirements for the position, in that he only possessed a high school diploma, and was not qualified for the position based on his lack of supervisory experience,  Defendant placed Komosinski into the permanent position of Supervising Analyst.

(g)    Defendant's Civil Service regulations allow promotion of any of the top three scoring candidates under the "Rule of Three",  Defendant Employer selected Komosinski for the position, although Ms. Knoblauch was clearly more qualified for the position.

8.    The effect of the practices complained of in paragraph 7(a) through (g) above has been to deprive Kay L. Knoblauch of equal employment opportunities and otherwise adversely affect her status as an employee because of her age.

4

9.    The unlawful employment practices complained of in Paragraphs 7(a) through (h) above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates against individuals 40 years of age and older, including but not limited to failing to promote qualified applicants.

B.    Order the Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals age 40 and older, and which eradicate the effects of its past and present unlawful employment practices.

C.    Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Kay L. Knoblauch.

D.    Order Defendant Department  to make whole Kay L. Knoblauch, who was adversely affected by the  unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to, the promotion of Kay L. Knoblauch, or front pay in lieu thereof, if promotion is not feasible.

E.    Grant such further relief as the Court deems necessary and proper in the public interest.

F.    Award the Commission its costs in this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, NW
Washington DC 20507

JACQUELINE H. McNAIR
Regional Attorney

JUDITH A. O'BOYLE
Supervisory/Trial Attorney

MARISOL RAMOS
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Philadelphia District Office
The Bourse Building
21 S. 5th Street, Suite 400
Philadelphia PA 19106
Telephone:  (215) 440-2828